

 

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
TRUSTEES OF THE UNITE HERE NATIONAL
HEALTH FUND and TRUSTEES OF THE UNITE
HERE NATIONAL RETIREMENT FUND,

              Plaintiffs,

              -against-

GORDON GARMENT COMPANY, DIVISION OF A.H.
SCHREIBER CO., INC. and A.H. SCHREIBER CO.,
INCORPORATED,

              Defendants
---------------------------------------------------------------X

**COMPLAINT**



Plaintiffs, by their attorney Mark Schwartz, Esq., complaining of Defendants, respectfully allege as follows:

## NATURE OF ACTION

1.     This is an action by plan fiduciaries to enforce the provisions of a collective bargaining agreement and certain statutory obligations imposed upon Defendants by Section 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1145.

## JURISDICTION

2.     The jurisdiction of this Court is invoked pursuant to Section 301(a) of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185(a) and Sections 502(a), (e) and (f) of ERISA, 29 U.S.C. § 1132(a), (e) and (f).

## VENUE

3.     Venue is properly laid in this Court pursuant to Section 301(a) of the

LMRA, 29 U.S.C. § 185(a); Section 502(e) (2) of ERISA, 29 U.S.C. § 1132(e) (2); and 28 U.S.C. § 1391(b).

## THE PARTIES

4. Plaintiff UNITE HERE National Health Fund ("Health Fund") is an "employee welfare benefit plan" as defined in Section 3(1) of ERISA 29 U.S.C. § 1002(1). Plaintiff Trustees of the Health Fund are fiduciaries within the meaning of Section 502(a) (3) of ERISA, 29 U.S.C. § 1132(a) (3), as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21). The Health Fund maintains its principal administrative offices at 730 Broadway, New York, New York 10003.

5. Plaintiff UNITE HERE National Retirement Fund ("Retirement Fund") is an "employee pension benefit plan" as defined in Section 3(2) of ERISA 29 U.S.C. § 1002(2). Plaintiff Trustees of the Retirement Fund are fiduciaries within the meaning of Section 502(a) (3) of ERISA, 29 U.S.C. § 1132(a) (3), as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21). The Retirement Fund maintains its principal administrative offices at 730 Broadway, New York, New York 10003.

6. Upon information and belief, defendant Gordon Garment Company, Division of A.H. Schreiber Co., Inc. is a corporate division of A.H. Schreiber Co., Incorporated and has or has had its principal places of business at 1001 Rhode Island Avenue, Bristol, Virginia 24201 and at Bristol, Tennessee.

7. Upon information and belief, defendants A.H. Schreiber Co., Incorporated is a New York Corporation authorized to do business in Virginia and having or having had its principal place of business at 460 West 34th Street – 10th Floor, New York New York 10001.

8. Local 402 of the Mid-Atlantic Regional Joint Board of UNITE ("the Union") is an unincorporated "labor organization" as defined in Section 3(4) of ERISA, 29 U.S.C. § 1002(4). Upon information and belief, the Union and Defendants Gordon Garment Company, Division of A.H. Schreiber Co., Inc. and A.H. Schreiber Co., Incorporated have been parties to a series of collective bargaining agreements covering all relevant periods herein. Pursuant to said collective bargaining agreements, contributions to Plaintiffs Funds were and are due to be paid monthly by Defendants.

### AS AND FOR A FIRST CLAIM FOR RELIEF BY PLAINTIFF TRUSTEES OF THE HEALTH FUND AGAINST DEFENDANTS

9. Plaintiff Trustees of the Health Fund repeat and reallege each and every allegation contained in paragraphs "1" through "8" of this Complaint with the same force and effect as if set forth at length herein.

10. Contributions to the Health Fund from Defendants for the months of April 2003 through and including March 2005 have not been made and are now due and owing. By reason thereof, Defendants are liable to Plaintiff Health Fund in the sum of $10,211.05 for the period stated.

11. No prior application has been made for the relief requested herein.

### AS AND FOR A SECOND CLAIM FOR RELIEF BY PLAINTIFF TRUSTEES OF THE RETIREMENT FUND AGAINST DEFENDANTS

12. Plaintiff Trustees of the Retirement Fund repeat and reallege each and every allegation contained in paragraphs "1" through "8" of this Complaint with the same force and effect as if set forth at length herein.

13. Contributions to the Retirement Fund from Defendants for the months of April 2003 through and including March 2005 have not been made and are now due and

owing. By reason thereof, Defendants are liable to Plaintiff Retirement Fund in the sum of $3,234.19 for the period stated.

14. No prior application has been made for the relief requested herein.

### AS AND FOR A THIRD CLAIM FOR RELIEF BY PLAINTIFF TRUSTEES OF THE HEALTH FUND AND PLAINTIFF TRUSTEES OF THE RETIREMENT FUND AGAINST DEFENDANT

15. Plaintiff Trustees of the Health Fund and Plaintiff Trustees of the Retirement Fund repeats and realleges each and every allegation contained in paragraphs "1" through "14" of this Complaint with the same force and effect as if set forth at length herein.

16. Defendant is now failing and, upon information and belief, will continue to fail to make contributions to the Funds in accordance with the terms and conditions of such Funds and the collective bargaining agreement between Defendants and the Union unless restrained by the Court.

17. No prior application for the relief requested herein.

**WHEREFORE**, Plaintiffs respectfully pray for an order and judgment:

a. Directing Defendants to pay to the UNITE HERE National Health Fund the sum of $10,211.05;

b. Directing Defendants to pay to the UNITE HERE National Retirement Fund the sum of $3,234.19;

c. Directing Defendants to pay to the UNITE HERE National Health Fund and the UNITE HERE National Retirement Fund interest on the sums set forth in paragraphs "(a)" and "(b)" herein, to be computed at an interest rate as prescribed by the Funds, pursuant to Section 502(g)(2)(C)(i) of ERISA, 29 U.S.C. § 1132(g)(2)(C)(i);

    d.    Directing Defendants to pay to the UNITE HERE National Health Fund and the UNITE HERE National Retirement Fund liquidated damages, to be computed at a rate as prescribed by the Funds, pursuant to Section 502(g)(2)(C)(ii) of ERISA, 29 U.S.C. § 1132(g)(2)(C)(ii);

    e.    Directing Defendants to pay to the UNITE HERE National Health Fund and the UNITE HERE National Retirement Fund the reasonable attorneys' fees and costs of the action, pursuant to Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D);

    f.    Directing that Defendants be restrained and enjoined permanently from becoming or remaining delinquent in its contributions to the Funds, and ordering Defendants to make such contributions in accordance with the terms and conditions of the Funds' rules and regulations and the collective bargaining agreement between Defendants and the Union.

    g.  Granting such other legal and equitable relief as the Court deems appropriate.

Dated: New York, New York
       August 1, 2007

TRUSTEES OF UNITE HERE NATIONAL
HEALTH FUND and THE TRUSTEES OF
THE UNITE HERE NATIONAL
RETIREMENT FUND, PLAINTIFFS

By: *Mark Schwartz*
Mark Schwartz, Esq. (MS-0148)
Attorney for Plaintiffs
730 Broadway – 10th Floor
New York, New York 10003
(212) 539-5275

5